**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

EMMANUEL MICHEL-RAMOS,

    Plaintiff,

       v.    CIVIL NO. 04-2272 (PG)

JOSE ARROYO-SANTIAGO,

    Defendant.

**OPINION AND ORDER**

Plaintiff, the prevailing party in the instant civil action, filed a petition for attorney's fees (Docket No. 111). Defendant failed to oppose Plaintiff's motion. After carefully reviewing Plaintiff's unopposed request, as well as the applicable law, for the reasons set herein, this Court **GRANTS** Plaintiff's motion, but reduces the amount requested.

## I. BACKGROUND

Plaintiff Emmanuel Michel-Ramos filed the above-styled and captioned complaint on November 16, 2004, claiming damages under 42 U.S.C. § 1983, as well as under Puerto Rico law, for a series of events that transpired on April 21, 2004 in the Alturas de Cupey public housing project. Plaintiff alleged that Defendant, an agent for the Puerto Rico Police Department, and other unknown officers beat him, dragged him across the ground, and ultimately arrested him during an intervention in one of the several known drug distribution points in Alturas de Cupey, even though he was not engaged in any illegal activity, did not hit the Defendant, and did not throw anything at him. Plaintiff sustained injuries ranging from a brain concussion, to cervical and lumbar muscle spasms, and post-traumatic joint pains as a result of Defendant's alleged actions, which resulted in permanent physical and emotional impairments. Eventually, a criminal complaint was filed against Plaintiff for obstruction of justice, however, the charges were later dismissed.

Civil No. 04-2272 (PG)                                                   Page 2

On June 30, 2006, Defendant filed a Motion for Summary Judgment (Docket No. 45), which this Court denied because the record showed there were genuine issues of material facts (Docket No. 81). The matter culminated in a two-day jury trial at the end of which the jury reached a verdict in favor of Plaintiff, and on September 13, 2006, judgment was entered accordingly (Docket No. 100). On September 28, 2006, Defendant presented a renewed[1] Motion for Judgment as a Matter of Law under Rules 50(a) and 50(b) of the Federal Rules of Civil Procedure (Docket No. 102). However, Defendant's motion was once again denied, this time for being untimely. See Docket Nos. 106, 110.

Plaintiff now seeks attorney fees in the amount of $31,856.25 pursuant to the Civil Rights Attorney's Fee Awards Act of 1976, 42 U.S.C. § 1988. Plaintiff's request is unopposed.

## II. DISCUSSION

"Congress enacted the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, authorizing the district courts to award a reasonable attorney's fee to prevailing parties in civil rights litigation." Hensley v. Eckerhart, 461 U.S. 424, 429 (1983). "The purpose of § 1988 is to ensure 'effective access to the judicial process' for persons with civil rights grievances." Id. Therefore, in any action enforcing the provisions of Section 1983, such as the instant one, 42 U.S.C. § 1988(b) governs attorney fee awards.

Section 1988(b) states that "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Notwithstanding the discretionary language of the statute, "[i]n civil rights cases, fee-shifting in favor of a prevailing plaintiff is the rule, whereas fee-shifting in favor of a prevailing defendant is the exception." Casa Marie Hogar Geriátrico, Inc. v. Rivera-Santos, 38 F.3d 615, 618 (1st Cir.1994). Both the legislative history and case law since

---

[1] Defendant moved for judgment as a matter of law after Plaintiff rested his case and once again at the end of trial. See Docket Nos. 90, 93.

Civil No. 04-2272 (PG)                                                   Page 3

the enactment of Section 1988 indicate that fees should be awarded to successful plaintiffs absent unusual circumstances. Williams v. Hanover Housing Authority, 113 F.3d 1294, 1300 (1st Cir.1997) (citations omitted).

In adjudicating a request for attorney's fees, the Court needs to determine whether: (1) a party is in fact a "prevailing party"; (2) the compensation sought is reasonable (i.e. calculation of the lodestar); and (3) there are any additional but exceptional considerations that may require to adjust upward or downward. See Hensley v. Eckerhart, 461 U.S. at 433-34 (1983). "A plaintiff is a prevailing party if he has succeeded on any significant issue in litigation which achieved some of the benefit the parties sought in bringing suit." Rosario-Urdaz v. Rivera-Hernandez, 451 F.Supp.2d 305, 308 (D.P.R. 2006) (citing Texas State Teachers Assoc. v. Garland Indep. School District, 489 U.S. 782, 791-92 (1989)). Once plaintiff comes across this threshold, the district court must then determine what fee is reasonable. See Hensley v. Eckerhart, 461 U.S. at 433.

Under 42 U.S.C. § 1988, a trial court generally should employ the lodestar method to calculate fees. Bogan v. City of Boston, No. 06-2028, 2007 WL 1675870, at *6 (1st Cir. June 12, 2007). Under this method, "the court must determine the hours reasonably expended on the litigation, multiplied by a reasonable hourly rate." Tejada-Batista v. Fuentes-Agostini, 263 F.Supp.2d 321, 326 (D.P.R. 2003) (citing Gay Officer Action League v. Puerto Rico, 247 F.3d 288, 295 (1st Cir. 2001)). A court usually should begin with the attorneys' contemporaneous billing records. Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 295 (1st Cir.2001). The court should then subtract hours that are duplicative, unproductive or excessive and multiply the reasonable hours billed by the prevailing attorney rate in the community. Id.; see also Lipsett v. Blanco, 975 F.2d 934, 937 (1st Cir.1992).

Nevertheless, "[t]he product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the

Civil No. 04-2272 (PG)                                                    Page 4

district court to adjust the fee upward or downward … ." Hensley v. Eckerhart, 461 U.S. at 434 (1983). The court may then adjust the award further for several reasons, such as: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney(s) due to acceptance of the case; (5) the customary fee; (6) the nature of the fee (fixed or contingent); (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney(s); (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) the size of awards in similar cases. See Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974); see also Hensley v. Eckerhart, 461 U.S. at 434 n. 9, Coutin v. Young & Rubicam Puerto Rico, Inc., 124 F.3d 331, 337 n. 3 (1st Cir.1997).

Finally, in order to receive the proper award of attorney fees, a prevailing party must submit with its motion evidence to support the number of hours and rates sought, and show that the rates being sought are comparable to those in the community. Hensley v. Eckerhart, 416 U.S. 424, 433 (1983).

In the instant case, Plaintiff prevailed in his Section 1983 civil rights claim, therefore, he is entitled to attorney fees, and although Plaintiff's motion for attorney fees is unopposed, the Court is not relieved of its duty of making sure that the amount requested by Plaintiff is reasonable.

**A. Hourly Rate**

The lodestar method requires that the hourly rate used by the Court be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Tejada-Batista, 263 F.Supp.2d at 327 (quoting Blum v. Stenson, 465 U.S. 886, 895 (1984)). "In reaching its determination, the court may rely upon its own knowledge of attorneys' fees in the community." Rodriguez v. International College of

Business and Technology, Inc., 356 F.Supp.2d 92, 96 (D.P.R. 2005) (citing Missouri v. Jenkins by Agyei, 491 U.S. 274, 285 (1989)). Courts may award different rates depending on whether the time was invested in-court or out of court. See Ciudadana v. Gracia-Morales, 359 F.Supp.2d 38, 45 (D.P.R. 2005) (finding rates of $200.00 an hour for out-of-court work and $225.00 an hour in-court work justified); Rodriguez, 356 F.Supp.2d at 96-97 (finding rate of $190 and $125 to be appropriate); Top Entertainment Corp. v. Torrejon, 349 F.Supp.2d 248, 253-255 (D.P.R. 2004) (finding hourly rate of $125.00 reasonable); Anywhere, Inc. v. Romero, 344 F.Supp.2d 345, 348 (D.P.R. 2004) (finding that an hourly rate of $250.00 for the more experienced attorney and of $150.00 for the less experienced attorneys reasonable); Vieques Conservation and Historical Trust, Inc. v. Martinez, 313 F.Supp.2d 40, 47 (D.P.R. 2004) (reducing attorney's hourly rate to $225 to equate with local rates); Rodríquez-Sostre v. Municipio de Canóvanas, 251 F.Supp.2d 1055, 1058 (D.P.R. 2003) (awarding $225.00 to $250.00 for in-court time and $200.00 for out-of-court time).

   Attorney for Plaintiff, Enrique J. Mendoza Mendez, has requested that his hourly rate be set at $225.00 per hour for in-court time and $200.00 per hour for out-of-court time. Attorney Mendoza justifies his request by pointing to his educational background (L.L.M. from Columbia University in 1986) and professional experience (proprietary partner at Mendoza Laws Offices and former Principal Attorney of the Legal Division of the Puerto Rico Electric Power Authority with over twenty years of experience).

   That information notwithstanding, Atty. Mendoza failed to provide evidence, such as affidavits, pertaining to the prevailing rate in the community. Top Entertainment Corp., 349 F.Supp.2d at 254 (party seeking attorney fees is required to present evidence other than the attorney's own affidavits regarding the prevailing hourly rate). In reaching its determination, the Court will thus rely upon its own knowledge of attorneys' fees in the community. Consequently, we find that the hourly rates proposed by Atty. Mendoza are in

Civil No. 04-2272 (PG)                                                    Page 6

line with the prevailing rate in the community, as measured by the herein cited caselaw. Considering Atty. Mendoza's educational background and experience, we will set his rate, as requested, at $225.00 for in-court appearances and $200.00 for out-of-court work.

### B. Time Sheets

Finally, we must consider if there is any reason to adjust the requests downward or upward. Adjustments are made only in unusual circumstances. However, a reduction for time spent on unsuccessful claims or redundant or excessive hours is appropriate. See Williams v. Hanover Housing Authority, 113 F.3d 1294, 1301 (1st Cir.1997).

Upon careful review of the time sheets provided by Atty. Mendoza, we note that he has included time spent in researching and drafting motions pertaining to the award of prejudgment interest. See Docket Nos. 92, 98. Said time amounts to 2.75 hours of his out-of-court time. Since Plaintiff did not prevail on his claim for prejudgment interest (Docket No. 105), Atty. Mendoza's request must be reduced accordingly. See Alvarez-Sepúlveda v. Colón-Matos, 306 F.Supp.2d 100, 107 (D.P.R. 2004) (reducing award of attorney's fees because the bill reflected fees for work performed in claims in which the party did not prevail).

This Court also notes that on July 7, 2006, Atty. Mendoza charged 1.5 hours of his out-of-court time in drafting a two-paragraph Motion for Extension of Time (Docket No. 47). This Court believes that motions for extension of time are reasonable and common requests. "We are aware that many unexpected events occur in the course of litigation and that counsel may find themselves unavoidably behind schedule from time to time." Robinson v. Fetterman, 387 F.Supp.2d 432, 436 (E.D.Pa. 2005). However, based on our superior understanding of the litigation, and considering Atty. Mendoza's vast professional experience, we find that the 1.5 hours billed to draft a rather simple motion are excessive. Accordingly, we will reduce the out-of-court time by 1.0 hour.

Civil No. 04-2272 (PG)                                                    Page 7

Finally, this Court finds that, in his time sheets, Atty. Mendoza charges his attendance to Plaintiff's and witnesses' depositions at a rate of $225.00. That is, Plaintiff's attorney is charging hours spent taking or defending deposition at his in-court hourly rate. This Court disagrees with Atty. Mendoza's allocation. Even though Atty. Mendoza may have been out of his office at the time the depositions were taken - much like when he has to make an appearance in court - "out-of-office" time is not the equivalent to in-court time. Therefore, the 11.5 hours spent in depositions of parties and witnesses will be charged at Atty. Mendoza's out-of-court hourly rate, $200.00 per hour.

Per the foregoing, Plaintiff's motion is **GRANTED IN PART and DENIED IN PART**, and Plaintiff is awarded attorney fees as follows:

```
 129.50 hours x $200   =   $25,900.00
  22.75 hours x $225   =     5,118.75
 TOTAL                 =   $31,018.75
```

### III. CONCLUSION

For all the reasons set forth above, Plaintiff is awarded **$31,018.75** in attorney fees.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, June 25, 2007.

                                    S/ JUAN M. PÉREZ-GIMÉNEZ
                                    JUAN M. PÉREZ-GIMÉNEZ
                                    UNITED STATES DISTRICT JUDGE